

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
03/06/2013

| | | |
|---|---|---|
| IN RE: | § § | CASE NO: 09-32221 |
| THOMAS EARL GINN | § § | CHAPTER 7 |
| Debtor(s). | § § § | DAVID R. JONES |
| RONALD R SKEEN | § § § | |
| Plaintiff(s), | § § | |
| vs. | § § | ADVERSARY NO. 09-03413 |
| THOMAS EARL GINN | § § § | |
| Defendant(s). | § | |

**MEMORANDUM OPINION**
**(Docket Nos. 1, 36 and 57)**

In this adversary, the plaintiff seeks (i) money damages against the debtor for defamation and forgery; and (ii) a determination that such claims are non-dischargeable under 11 U.S.C. § 523(a)(6), 11 U.S.C. § 727(b) and other applicable law. In return, the debtor asserts counterclaims against the plaintiff for "terror, fear, fraud, damages". The debtor also requests an injunction requiring the removal of certain statements posted by Mr. Skeen on a public website devoted to businesses that conduct themselves in a less than admirable manner.

This adversary exemplifies both the best and worst of our modern society. While it has taken almost seven years, the two parties have gotten their day in court. While one might reasonably question whether the process was really worth the emotional and economic costs, the two litigants see this dispute as an epic battle of good versus evil. The Court hopes that each of the litigants find some degree of solace in this decision that enables them to move on with their respective lives. On the other hand, the underlying facts demonstrate just how cruel one human being can be to another. The Court can think of little worse in today's world than being falsely labeled a child molester. Likewise, to be the subject of unflattering internet discussions that have the potential to detrimentally affect your livelihood can be unnerving and the source of great stress. It is time this dispute comes to an end. For the reasons set forth below, the Court grants limited relief requested by the parties. All other relief is denied. A separate judgment consistent with this opinion will issue.

**Factual Background**

In May 2005, Mr. Ginn hired Mr. Skeen to work as a painter in Mr. Ginn's contracting business.  The exact nature of the business relationship is unclear.  Mr. Ginn asserts that Mr. Skeen was an independent contractor.  Mr. Skeen asserts that he initially agreed to work as an independent contractor for a set period of time with the promise of being a permanent employee as soon as Mr. Ginn could obtain insurance.  Regardless of the specifics, the relationship quickly soured after approximately a month.  The end result of the relationship was a claim filed by Mr. Skeen with the Texas Workforce Commission ("TWC") over approximately $1,500.00 in unpaid wages.

After initially dismissing the claim, the TWC reversed itself and sustained the claim in March 2006.  Thereafter, Mr. Ginn sued Mr. Skeen and the TWC in 215th Judicial District Court of Harris County, Texas, Cause No. 2006-24960.  The parties did not, however, confine themselves to the civil justice system.  Beginning in early 2006, Mr. Skeen began posting unflattering statements about Mr. Ginn's business practices on a website known as "Ripoff Report."  Mr. Skeen testified that his intent in making these postings was to (i) warn other people about Mr. Ginn; and (ii) do harm to Mr. Ginn and his business.  While perhaps a poor exercise of judgment, the Court was presented with no evidence to suggest that Mr. Skeen's postings were untrue in any manner.

Not to be outdone, Mr. Ginn undertook his own negative publicity campaign.  In February, 2006, Mr. Skeen went to a local copy shop and had a number of flyers prepared.  The flyers read as follows:

## NOTICE

My name is Ron Skeen and I must confess, I'm a child molester.
Yes, I love little boys and girls.

I live at 330 Pebblebrook #81 and drive an old beet up red
Chevrolet truck, with my paint stuff in the back.

I use my little white dog to attract the little ones.

I just wanted you to know!  It's a public announcement!

Happy Valentines

On February 14, 2006, Mr. Ginn caused these flyers to be delivered to approximately 100 condominiums in the complex in which Mr. Skeen resides.  At trial, Mr. Ginn did not deny engaging in the foregoing conduct.  Moreover, the Court was provided no evidence which would suggest that Mr. Skeen has ever engaged in any improper conduct with a child.

Since that day, the parties have seized every opportunity to cast aspersions upon the other in every available forum. However, the foregoing events identify the conduct that is the basis of the instant adversary proceeding.

## Procedural Background

Thomas Ginn filed a voluntary chapter 7 bankruptcy case on April 3, 2009 [Case No. 09-32221, Docket No. 1]. A meeting of creditors pursuant to 11 U.S.C. § 341 was scheduled for April 29, 2009. In the course of his administration of the case, the chapter 7 trustee obtained a series of extensions of the deadline to file an objection to Mr. Ginn's discharge under 11 U.S.C. § 727 but not the dischargeability of a particular claim under 11 U.S.C. § 523 [Case No. 09-32221, Docket Nos. 24 and 32].

Mr. Skeen did not file a proof of claim in the main bankruptcy case. Instead, on August 28, 2009, Mr. Skeen filed a pleading in the main bankruptcy case styled as an "objection to discharge/dischargeability of certain debts." [Case No. 09-32221, Docket No. 27]. In the pleading, Mr. Skeen (i) asserts that he is a creditor, (ii) seeks unspecified money damages for defamation and forgery; and (iii) requests a determination that his claims are non-dischargeable under 11 U.S.C. § 523(a)(6). [Case No. 09-32221, Docket No. 27].

On October 21, 2009, Mr. Skeen filed the instant adversary proceeding seeking a determination that his claims against Mr. Ginn are non-dischargeable under 11 U.S.C. § 523(a)(6). [Docket No. 1]. The filing of the complaint immediately prompted the filing of a motion to dismiss on October 22, 2009 on the ground that the complaint was untimely under Bankruptcy Rule 4007 [Docket No. 4]. On January 6, 2012, Mr. Ginn filed a motion for summary judgment on the identical basis [Docket No. 9].

By order entered September 15, 2010, the bankruptcy court granted Mr. Ginn's motion for summary judgment and dismissed Mr. Skeen's complaint. [Docket No. 13]. Mr. Skeen appealed the bankruptcy court's summary judgment. On September 21, 2011, the district court reversed the summary judgment and remanded the case for further proceedings. [Docket No. 25].

During a scheduling conference before the bankruptcy court on March 15, 2012, Mr. Ginn's counsel submitted a motion to withdraw from the case [Docket Nos. 29 and 32]. The motion to withdraw was granted and Mr. Ginn has since proceeded in the case *pro se*.

On June 29, 2012, Mr. Skeen filed his "first amended original complaint." [Docket No. 36]. In his amended complaint, Mr. Skeen requests (i) a determination that his claims against Mr. Ginn are non-dischargeable under 11 U.S.C. § 523(a)(6); (ii) a determination that his claims against Mr. Ginn are non-dischargeable under 11 U.S.C. § 727(b); and (iii) the award of unspecified actual and punitive damages against Mr. Ginn for his wrongful conduct. [Docket No. 36].

On July 6, 2012, Mr. Skeen's counsel filed a motion to withdraw from further representation. [Docket No. 38]. The motion was granted by order entered July 16, 2012. [Docket No. 45]. Mr. Skeen has since proceeded *pro se* in this litigation.

On September 17, 2012, Mr. Ginn filed his answer to the "first amended original complaint" [Docket No. 50]. On October 16, 2012, Mr. Ginn filed a "lawsuit/counterclaim" against Mr. Skeen. [Docket No. 57]. In the pleading, Mr. Skeen asserts a claim for money damages for "terror, fear, fraud, damages" cause by Mr. Skeen's filings in the instant adversary proceeding. [Docket No. 57].

By order entered November 14, 2012, this adversary proceeding was transferred to the undersigned judge for trial. [Docket No. 58].

This Court held a pre-trial hearing on November 14, 2012. [Docket No. 59]. Mr. Skeen did not attend or otherwise appear. After hearing from Mr. Ginn, the Court issued an order setting all matters for trial on January 7, 2013 at 9:30 a.m. [Docket No. 60]. On January 4, 2013, Mr. Ginn notified the Court's case manager that he was ill and could not attend trial on January 7, 2013. Based on Mr. Ginn's representation, the Court rescheduled the trial for February 20, 2013.

On February 20, 2013, the Court called the matter for trial. Both Messrs. Ginn and Skeen appeared and announced ready to proceed. Mr. Skeen called himself as a witness. Mr. Ginn did not testify and limited his evidentiary presentation to the cross-examination of Mr. Skeen. Neither party presented an effective case. Based on the evidence received, however, the Court makes the following findings of fact and conclusions of law.

## Analysis

The Court has jurisdiction over this contested matter pursuant to 11 U.S.C. § 1334. This adversary proceeding is a core proceeding under 28 U.S.C. §§ 157(b)(2)(B), (C) and (I). The Court has constitutional authority to enter a final order in this adversary proceeding.

### Ginn's Claims against Skeen

With respect to Mr. Ginn's claims against Mr. Skeen, the Court finds that such claims are frivolous and must be denied. Mr. Ginn presented no credible evidence of any claim against Mr. Skeen under any legally cognizable theory. Were Mr. Ginn not acting *pro se*, the Court would seriously entertain a request for sanctions. The Court concludes that Mr. Ginn is not a credible person.

### Skeen's Claims against Ginn

Mr. Skeen presented no evidence of a claim for forgery. Mr. Skeen did present evidence regarding a claim for libel. Texas law defines libel as "a defamation expressed in printing or writing, ... tending to injure the reputation of one who is alive, and thereby expose him to public hatred, contempt or ridicule, or financial injury, or to impeach the honesty, integrity, or virtue, or reputation of any one, or to publish the natural defects of any one and thereby expose such person to public hatred, ridicule, or financial injury." *Golden Bear Distributing Stems of Texas, Inc. v. Chase Revel, Inc.*, 708 F.2d 944, 947-48 (5th Cir. 1983). In order for a private plaintiff to

establish a claim for defamation against a non-media defendant, the plaintiff must establish the following elements under Texas law:

1. The defendant made a defamatory statement;

2. The statement was false;

3. The defendant acted with negligence concerning the truth of the statement; and

4. The plaintiff suffered injury.

*WFAA–TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998). A statement is libel *per se* if a person or ordinary intelligence would perceive the statement to impute both a crime and sexual misconduct. *Downing v. Burns*, 348 S.W.3d 415, 424 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *Turner v. KTRK Television, Inc.*, 38 S.W.3d 103, 114 (Tex. 2000).

"[Texas] law presumes that statements that are defamatory *per se* injure the victim's reputation and entitle him to recover general damages, including damages for loss of reputation and mental anguish." *Bentley v. Bunton,* 94 S.W.3d 561, 604 (Tex. 2002). However, the law does not presume any particular amount of damages beyond nominal damages. *Salinas v. Salinas*, 365 S.W.3d 318, 320 (Tex. 2012).

In this case, there can be little doubt that creating and distributing a publication accusing someone of being a child molester is a defamatory statement. Likewise, the record in this case reflects that (i) the statement was false; (ii) Mr. Ginn knew the statement was false; and (iii) Mr. Ginn acted with malice in making the statement.

In his presentation to the Court, Mr. Skeen testified in general terms regarding the harm to his reputation and the mental anguish suffered over the course of seven years due to Mr. Skeen's conduct. However, Mr. Skeen provided no evidence of damages beyond an obscure reference to $20,000 in attorney's fees. Consequently, the Court will award nominal damages of $250.00. In addition, the Court finds Mr. Ginn's conduct to be malicious and an affront to general principles of decency. The Court will award Mr. Skeen the sum of $1,000.00 in punitive damages in hopes that the award will deter him from similar conduct in the future.

### Dischargeability under 11 U.S.C. 523(a)(6)

Mr. Skeen further seeks a determination that his claims against Mr. Ginn are excepted from Mr. Ginn's bankruptcy discharge. Section 523(a)(6) of the Bankruptcy Code excepts from discharge any debt incurred for willful and malicious injury by the debtor to another person. *Raspanti v. Keaty (In re Keaty)*, 397 F.3d 264, 269 (5th Cir. 2005). An injury is "willful and malicious" where there is either an objective substantial certainty of harm or a subjective motive to cause harm. *Id.* at 270; *Williams v. IBEW Local 520* (*In re Williams*), 337 F.3d 504, 509 (5th Cir. 2003). The Fifth Circuit has instructed that for a debt to be nondischargeable under § 523(a)(6), a debtor must have acted with "objective substantial certainty or subjective motive" to inflict injury. *Miller v. J.D. Abrams, Inc. (In re Miller)*, 156 F.3d 598, 603 (5th Cir. 1998). A

party seeking to have its debt excepted from discharge must prove by a preponderance of the evidence that the debt is not dischargeable." *Keaty*, 397 F.3d at 270.

Mr. Skeen has satisfied the requirements of 11 U.S.C. § 523(a)(6).  Based on the evidence presented, the Court finds that Mr. Ginn undertook a deliberate course of action intended to cause harm to Mr. Skeen.  Mr. Ginn's course of conduct was malicious.  The foregoing damages awarded to Mr. Skeen are non-dischargeable under 11 U.S.C. § 523(a)(6).

### Dischargeability under 11 U.S.C. 727(b) and Other Applicable Law

Section 727(b) does not set forth an independent basis for excepting a claim from discharge nor was any evidence offered with respect to a claim under § 727(b).  The Court is not aware of other "applicable law" regarding exceptions to discharge.  Mr. Skeen's claim of an exception to discharge under 11 U.S.C. § 727(b) and other applicable law is denied.

### Conclusion

Mr. Skeen is awarded a money judgment against Mr. Ginn in the amount of $1,250.00 with interest to accrue at the federal judgment rate of .17% from the date of judgment until paid.  The judgment is non-dischargeable under 11 U.S.C. § 523(a)(6).  A separate judgment consistent with the foregoing will issue.

**SIGNED: March 6, 2013.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**